Benjamin Galdston, Bar No. 211114
BERGER MONTAGUE PC
12544 High Bluff Drive, Suite 340
San Diego, CA 92130
Tel: (619) 489-0300
bgaldston@bm.net

*[Proposed] Lead Counsel for*
*[Proposed] Lead Plaintiff Wing Yiu Chan*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JENKINS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>IQIYI, INC., YU GONG, XIAODONG WANG, ROBIN YANHONG LI, QI LU, HERMAN YU, XUY ANG REN, VICTOR ZHIXIANG LIANG, and CHUAN WANG,<br><br>Defendants. | Case No.: 4:20-cv-02882-PJH<br><br>NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF<br><br>DATE:  July 22, 2020<br>TIME:   9:00 a.m.<br>JUDGE: Hon. Phyllis J. Hamilton<br>CTRM:  3 – 3rd Floor |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................1

II. STATEMENT OF ISSUES TO BE DECIDED ....................................................3

III. STATEMENT OF FACTS ......................................................................................3

IV. ARGUMENT ............................................................................................................4

    A. Mr. Chan Is The "Most Adequate Plaintiff" And Should Be Appointed Lead Plaintiff ..............................................................4

        1. This Motion Is Timely .................................................................5

        2. Mr. Chan Has A Substantial Financial Interest In The Relief Sought By The Class ..........................................6

        3. Mr. Chan Is Typical And Adequate Of The Putative Class ....................6

    B. The Court Should Approve Mr. Chan's Selection Of Counsel ...........................7

V. CONCLUSION .........................................................................................................8

**NOTICE OF MOTION AND MOTION**

TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on July 22, 2020, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 3 of the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612 before the Honorable Phyllis J. Hamilton, class member Wing Yiu Chan (or "Mr. Chan") will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for an Order: (i) appointing Mr. Chan as Lead Plaintiff on behalf of a class consisting of all persons other than Defendants who: (a) purchased or otherwise acquired iQIYI, Inc. ("iQIYI" or the "Company") American Depository Shares ("ADSs") pursuant and/or traceable to the Company's initial public offering conducted on or about March 29, 2018 (the "IPO" or "Offering"); or (b) purchased or acquired iQIYI securities between March 29, 2018 and April 7, 2020, both dates inclusive (the "Class Period"); (ii) approving Mr. Chan's selection of Berger Montague PC ("Berger Montague") as Lead Counsel for the Class; and (iii) granting such other and further relief as the Court may deem just and proper. In support of this Motion, Mr. Chan submits herewith a Memorandum of Points and Authorities and the Declaration of Benjamin Galdston ("Galdston Decl.").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Mr. Chan respectfully submits that he should be appointed Lead Plaintiff on behalf of all investors who acquired iQIYI securities during the Class Period (the "Class") and all purchasers of iQIYI ADSs on or traceable to the Offering, and who were damaged as a result of Defendants' alleged fraud. This action (the "Action") alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 against the Company, its Chief Executive Officer ("CEO"), Chief Financial Officer ("CFO"), and members of iQIYI's Board of Directors, as well as

violations of Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act").[1]

Pursuant to the PSLRA, the Court "shall appoint the most adequate plaintiff as Lead Plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). The Lead Plaintiff is the member "of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which movant has the "largest financial interest" in the relief sought by the Class and whether such movant has made a *prima facie* showing that it is a typical and adequate Class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u- 4(a)(3)(B)(iii)(I).

For the reasons stated herein, Mr. Chan respectfully submits that he is the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff. Mr. Chan has incurred a $134,693 loss in connection with his Class Period transactions in iQIYI securities, calculated on both a last-in-first-out ("LIFO") and first-in-first-out ("FIFO") basis. Mr. Chan thus has a substantial financial interest in recovering losses attributable to Defendants' alleged violations of the federal securities laws.

Further, Mr. Chan satisfies the typicality and adequacy requirements of Rule 23 in that: (i) Mr. Chan's claims arise from the same course of events as those of the other Class members, (ii) Mr. Chan relies on similar legal theories to prove Defendants' liability as those of the other Class members, and (iii) Mr. Chan has retained experienced counsel and is committed to vigorously prosecuting the claims.

Finally, pursuant to the PSLRA, Mr. Chan respectfully requests that the Court approve

---

[1] In addition to the above-captioned action, a securities class action arising from substantially the same factual allegations against certain of the same defendants and alleging the identical Class Period is pending in the United States District Court for the Eastern District of New York, *Lee v. iQIYI, Inc., et al.*, Case No. 1:20-cv-01830 (E.D.N.Y.) ("*Lee*"). The *Lee* complaint asserts claims for violations of the Exchange Act, while this Action asserts claims for violations of both the Exchange Act and the Securities Act. Mr. Chan seeks to represent both classes of investors; *i.e.*, those who purchased iQIYI ADSs on the Offering and those who purchased iQIYI securities during the Class Period. Concurrent with the instant Motion, Mr. Chan is filing a motion for lead plaintiff appointment in *Lee*.

his selection of Berger Montague as Lead Counsel for the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class"). Berger Montague is a nationally recognized leader in shareholder litigation and securities class actions, has represented investors for nearly fifty years, and recovered billions of dollars. Berger Montague has the expertise and resources necessary to handle this complex litigation and will adequately represent the interests of all class members, including through trial and any appeal.

Accordingly, Mr. Chan respectfully requests that the Court appoint him as Lead Plaintiff for the Class and approve his selection of Lead Counsel.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Court should appoint Mr. Chan as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and

2. Whether the Court should approve Mr. Chan's selection of Berger Montague as Lead Counsel.

## III. STATEMENT OF FACTS

iQIYI is headquartered in Beijing, China, and operates an online video streaming platform with on-demand video content including television shows and movies. iQIYI operates one of the largest video-based websites in the world that is often referred to as the "Netflix of China." The Company generates its revenue primarily from membership services and online advertising. The Company was incorporated in 2009 and is a subsidiary of Baidu Holdings Limited. Following its March 2018 initial public offering, iQIYI's shares began trading on the NASDAQ under the ticker symbol "IQ."

The Action alleges that in public statements made during the Class Period, including in the Offering materials issued in connection with the IPO, Defendants made materially false or misleading statements and omissions regarding key investor metrics, including, but not limited to, revenue and user subscriber numbers. The Complaint generally alleges the Company and its senior management (i) overstated iQIYI's 2019 revenue and subscriber numbers in its public

filings with the Securities and Exchange Commission ("SEC"); and (ii) inflated iQIYI's 2019 reported expenses.

According to the Complaint, investors learned the true state of iQIYI's financial condition on April 7, 2020, when analyst Wolfpack Research published a detailed 37-page report (the "Report") claiming the Company "was committing fraud well before its IPO in 2018 and has continued to do so ever since." *See* Galdston Decl., Ex. A at 1. Among other things, the Report suggested that iQIYI had inflated its 2019 revenue by "approximately . . . 27%-44%" and overstated its user numbers by "approximately 42%-60%." *Id*. The Report stated that its research included, among other things, an in-person survey of 1,563 people in China, which revealed that a substantial number of iQIYI memberships were acquired for free, or near-free, under a "buy-one-get-one free" offer, a practice that allowed the Company to misrepresent its subscriber figures. *Id*. According to the Report, "one of the most egregious examples of accounting fraud [iQIYI] commits is the inflation of its barter transaction revenue." *Id*. The Report concluded that the Company "inflates its expenses, the prices it pays for content, [and] other assets and acquisitions in order to burn off fake cash to hide the fraud from its auditor and investors." *Id*.

Following the Report's publication, the market price for iQIYI's ADSs fell significantly from their Class Period high. More than $160 million in investor equity was lost between April 7, 2020, and market close on April 8, 2020, alone.

## IV.   ARGUMENT

Mr. Chan respectfully submits that he should be appointed Lead Plaintiff because he filed the instant Motion in a timely manner, has a substantial, if not the largest, financial interest in this litigation, and satisfies the typicality and adequacy requirements of Rule 23.

### A.   Mr. Chan Is The "Most Adequate Plaintiff" And Should Be Appointed Lead Plaintiff

The PSLRA specifies the procedure for selecting a lead plaintiff for any "private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal

Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff).[2]

***First***, the pendency of the action must be publicized in a widely circulated national business publication or wire service not later than 20 days after the first complaint is filed. 15 U.S.C. § 78u-4(a)(3)(A)(i).

***Second***, the PSLRA provides the Court shall adopt a presumption that the "most adequate plaintiff" is the person that (i) has either filed a complaint or timely filed a motion for Lead Plaintiff appointment; (ii) in the Court's determination, has the largest financial interest in the relief sought by the Class; and (iii) otherwise satisfies the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii). *In re Cavanaugh*, 306 F. 3d. 726, 729-30 (9th Cir. 2002).

As set forth in detail below, Mr. Chan satisfies each of these requirements. Accordingly, Mr. Chan is entitled to the PSLRA's presumption that he is "the most adequate" movant to represent the interests of the Class and should be appointed Lead Plaintiff.

### 1. **This Motion Is Timely**

Pursuant to 15 U.S.C. § 78u 4(a)(3)(A)(i), the plaintiff in this Action caused notice of this Action's pendency and the deadline to seek Lead Plaintiff appointment to be published on Business Wire, a widely circulated business news wire service, on April 16, 2020. *See* Galdston Decl., Ex. C. Thus, pursuant to the PSLRA, any person who is a member of the proposed Class may apply for Lead Plaintiff appointment within sixty days after the notice's publication; *i.e.*, on or before June 15, 2020. Mr. Chan timely filed this Motion on June 15, within this deadline, and thus has satisfied the first PSLRA requirement.

---

[2] Pursuant to the PSLRA, Mr. Chan reserves his right to respond to and submit proof to rebut any other class member's motion for lead plaintiff appointment. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### 2. Mr. Chan Has A Substantial Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth in his PSLRA certification, Mr. Chan has incurred a substantial loss of $134,693 on his Class Period transactions in iQIYI securities, calculated on both a LIFO and FIFO basis. *See* Galdston Decl., Ex. D. Mr. Chan has a significant financial interest in the outcome of this litigation and is presumptively the most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see*, *e.g.*, *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1054 (N.D. Cal. 2010) (White, J.) (finding an individual investor with largest losses presumptively the most adequate lead plaintiff).

### 3. Mr. Chan Is Typical And Adequate Of The Putative Class

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Federal Rules of Civil Procedure 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that the "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (courts should ensure typicality and adequacy are demonstrated at the lead plaintiff selection stage); *Bodri v. GoPro, Inc.*, 2016 WL 1718217, at *5 (N.D. Cal. Apr. 28, 2016) (Tigar, J.) (same).

"Typicality" is met where the proposed lead plaintiff's claims are "typical of the claims or defenses of the class." *Id*. (quoting Fed. R. Civ. P. 23(a)(3)). "Adequacy" is satisfied where the proposed lead plaintiff demonstrates it will "fairly and adequately protect the interests of the class." *Id*. (quoting Fed. R. Civ. P. 23(a)(4)).

Specifically, Rule 23(a)'s typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members'

claims, and plaintiff's claims are based on the same legal theory. *Zhu*, 682 F. Supp. 2d at 1053. Here, class members allegedly were injured when the truth about Defendants' misconduct became known to the market.

Mr. Chan's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Mr. Chan asserts that Defendants made material misstatements and omissions regarding iQIYI's financial condition and prospects in violation of the federal securities laws. Mr. Chan's PSLRA certification also confirms that he purchased iQIYI securities during the Class Period and, thus, suffered the same injury as other class members when defendants' alleged misconduct was revealed to the market and the market price for iQIYI declined. *See* Galdston Decl., Ex. B.

The adequacy requirement is met "if there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation." *Zhu*, 682 F. Supp. 2d at 1053. Mr. Chan's PSLRA certification demonstrates that he suffered substantial losses in connection with the alleged fraud and thus has a significant if not the largest financial interest in the outcome of this litigation. Mr. Chan's financial interest provides sufficient incentive to seek recompense for himself and other class members and aligns his interests with those of other class members. Mr. Chan is unaware of any conflict as between his interests and those of other class members and there is no evidence to suggest that Mr. Chan is "subject to unique defenses that render such plaintiff incapable of representing the class." 15 U.S.C. § 78u- 4(a)(3)(B)(iii)(II). Finally, Mr. Chan also has retained Berger Montague—experienced and resourceful counsel with nearly fifty years of experience vigorously prosecuting securities class actions and achieving outstanding results. *See infra* Section B.

**B.    The Court Should Approve Mr. Chan's Selection Of Counsel**

The PSLRA authorizes the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Consistent with Congressional intent, a court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect

1  the interests of the plaintiff class." H.R. Conf. Rep. No. 104-369, at 35 (1995), as reprinted in
2  1995 U.S.C.C.A.N. 730, 734; s*ee also In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009);
3  *Cavanaugh*, 306 F.3d at 732-35.

4  Here, Mr. Chan has selected Berger Montague as proposed lead counsel for this matter.
5  Berger Montague is among the nation's leading plaintiffs' securities class action law firms.
6  Berger Montague has a long record of success in securities litigation and has achieved many of
7  the largest securities recoveries since Congress enacted the PSLRA. The Firm advises clients on
8  litigation and recovery options in securities proceedings throughout the United States and
9  internationally.

10  Berger Montague has extensive relevant experience, having served as lead or co-lead
11  counsel in numerous other major securities class action cases both within this District and
12  beyond, where substantial settlements were achieved on behalf of investors, including: *In re KLA
13  Tencor Securities Litigation* (N.D. Cal.) ($65 million recovery); *In re Merrill Lynch Securities
14  Litigation* (S.D.N.Y.) ($475 million recovery); *In re Sotheby's Holding, Inc. Securities
15  Litigation* (S.D.N.Y.) ($70 million recovery, which includes $30 million individual defendant
16  contribution); *In re CIGNA Corp. Securities Litigation* (E.D. Pa.) ($93 million recovery); and *In
17  re Rite Aid Corp. Securities Litigation* (E.D. Pa.) ($334 million recovery). *See* Galdston Decl.,
18  Ex. E.

19  Mr. Chan's selection of Berger Montague as Lead Counsel ensures the putative class will
20  receive the highest quality representation with the expertise, resolve and resources necessary to
21  achieve the best recovery possible on its behalf.

22  **V.   CONCLUSION**

23  For the foregoing reasons, Mr. Chan respectfully requests that the Court grant this Motion
24  and enter an Order: (i) appointing Wing Yiu Chan as Lead Plaintiff; (ii) approving Mr. Chan's
25  selection of Berger Montague as Lead Counsel for the Class; and (iii) granting such other and
26  further relief as the Court may deem just and proper.
27  ///
28

| | | |
|---|---|---|
| 1 | Date:   June 15, 2020 | Respectfully submitted, |
| 2 | | BERGER MONTAGUE PC |
| 3 | | |
| 4 | | *Benjamin Galdston* |
| | | Benjamin Galdston |
| 5 | | 12544 High Bluff Drive, Suite 340 |
| | | San Diego, CA 92130 |
| 6 | | Tel:  (619) 489-0300 |
| | | bgaldston@bm.net |
| 7 | | |
| | | *[Proposed] Lead Counsel for [Proposed] Lead* |
| 8 | | *Plaintiff Wing Yiu Chan* |