1   **THE ROSEN LAW FIRM, P.A.**
    Laurence M. Rosen, Esq. (SBN 219683)
2   355 South Grand Avenue, Suite 2450
    Los Angeles, California 90071
3   Telephone: (213) 785-2610
    Facsimile: (213) 226-4684
4   Email: lrosen@rosenlegal.com

5   **LABATON SUCHAROW LLP**
    Christopher J. Keller (*pro hac vice* forthcoming)
6   Eric J. Belfi (*pro hac vice* forthcoming)
    Francis P. McConville (*pro hac vice* forthcoming)
7   David J. Schwartz (*pro hac vice* forthcoming)
    140 Broadway
8   New York, New York 10005
    Telephone: (212) 907-0700
9   Facsimile: (212) 818-0477
    ckeller@labaton.com
10  ebelfi@labaton.com
    fmcconville@labaton.com
11  dschwartz@labaton.com

12  *Attorneys for Proposed Lead Plaintiff Ronald L.*
    *Hershberger and Robert J. Gereige, MD and*
13  *Proposed Co-Lead Counsel for the Class*

14              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
15

16  THOMAS JENKINS, Individually and On          Case No. 4:20-cv-02882-PJH
    Behalf of All Others Similarly Situated,
17                                                **CLASS ACTION**
                        Plaintiff,
18                                                **NOTICE OF MOTION AND MOTION**
            v.                                    **OF  RONALD L. HERSHBERGER AND**
19                                                **ROBERT J. GEREIGE, MD FOR**
    IQIYI, INC., YU GONG, XIAODONG                **APPOINTMENT AS LEAD PLAINTIFF**
20  WANG, ROBIN YANHONG LI, QI LU,                **AND APPROVAL OF SELECTION OF**
    HERMAN YU, XUYANG REN, VICTOR                 **CO-LEAD COUNSEL; MEMORANDUM**
21  ZHIXIANG LIANG, and CHUAN WANG,               **OF LAW IN SUPPORT THEREOF**

22                      Defendants               **Date:** July 22, 2020
                                                 **Time:** 9:00 a.m.
23                                               **Courtroom:** 3 – 3rd Floor
                                                 **Judge:** Judge Phyllis J. Hamilton
24

25

26

27

28

NOTICE OF MOTION AND MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
CASE NO. 4:20-cv-02882-PJH

1

## **TABLE OF CONTENTS**

2  TABLE OF AUTHORITIES ....................................................................................................i

3  NOTICE OF MOTION AND MOTION ...............................................................................1

4  MEMORANDUM OF POINTS AND AUTHORITIES .......................................................2

5  I.      STATEMENT OF THE ISSUES TO BE DECIDED........................................2

6  II.     PRELIMINARY STATEMENT .......................................................................2

7  III.    OVERVIEW OF THE PENDING ACTION......................................................4

8  ARGUMENT........................................................................................................................5

9  I.      Hershberger & Gereige Should Be Appointed Lead Plaintiff ...........................5

10         A.      The PSLRA Standard For Appointing Lead Plaintiff............................5

11         B.      Hershberger & Gereige Are the "Most Adequate Plaintiff".................7

12                 1.      Hershberger & Gereige Satisfied the PSLRA's Procedural
                          Requirements ..............................................................................7
13
                   2.      Hershberger & Gereige Have the Largest Financial Interest
14                         in the Outcome of the Action.......................................................7

15                 3.      Hershberger & Gereige Otherwise Satisfy Rule 23's
                          Typicality and Adequacy Requirements......................................7
16
                           (a)      Hershberger & Gereige's Claims Are Typical of Those of
17                                  the Class..........................................................................8

18                         (b)      Hershberger & Gereige Will Fairly and Adequately Protect
                                   the Interests of the Class ..................................................8
19
                   4.      Hershberger & Gereige Represent Precisely the Type of
20                         Small, Cohesive Group Permitted Under the PSLRA .............9

21  II.     Hershberger & Gereige's Choice of Co-Lead Counsel Is Well-Qualified to
           Represent the Class..........................................................................................10
22
    CONCLUSION...................................................................................................12
23

24

25

26

27

28

---

1

## **TABLE OF AUTHORITIES**

2

3

**Page(s)**

**Cases**

4

5

*In re Aqua Metals Sec. Litig.*,
    No. 17-cv-07142-HSG, 2018 WL 4860188 (N.D. Cal. May 23, 2018) ...............................12

6

*Armour v. Network Assocs., Inc.*,
7      171 F. Supp. 2d 1044 (N.D. Cal. 2001) ...........................................................................10, 11

8  *In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ...........................................................................................8, 14
9

10 *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,
    No. 12-CV-06039-LHK, 2013 WL 2368059 (N.D. Cal. May 29, 2013) ...........................9, 10

11

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
12     No. 5:11-CV-04003-LHK, 2012 WL 78780 (N.D. Cal. Jan. 9, 2012) .....................4, 9, 10, 12

13 *Cohen v. U.S. District Court*,
    586 F.3d 703, 712 (9th Cir. 2009)  ......................................................................................14
14

*Crihfield v. CytRx Corp.*,
15     No. CV 16-05519 SJO, 2016 WL 10587938 (C.D. Cal. Oct. 26, 2016) ................................7

16 *Krieger v. Atheros Commc'ns, Inc.*,
    No. 11-CV-00640-LHK, 2011 WL 6153154 (N.D. Cal. Dec. 12, 2011) ................................9
17

18 *Perlmutter v. Intuitive Surgical, Inc.*,
    No. 10-cv-03451-LHK, 2011 WL 566814 (N.D. Cal. Feb. 15, 2011) ............................11, 12
19

20 *In re Versata, Inc., Sec. Litig.*,
    No. C 01-1439 SI, 2001 WL 34012374 (N.D. Cal. Aug. 20, 2001) ...........................11, 12, 13

21 **Rules & Statutes**

22 Fed. R. Civ. P. 23 ....................................................................................................... *passim*

23 Fed. R. Civ. P. 42(a) ...............................................................................................1, 2, 7, 8

24 15 U.S.C 78u-4 *et seq.* ................................................................................................ *passim*
25

**Docketed Cases**
26

27 *In re Am. Int'l Grp., Inc. Sec. Litig.*,
    No. 04-cv-8141 (S.D.N.Y.)................................................................................................14

28

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
  No. 08-md-1963 (S.D.N.Y.) ...............................................................................................14

*In re Broadcom Corp. Class Action Litig.*,
  No. 06-cv-5036 (C.D. Cal.) ...............................................................................................14

*In re Countrywide Fin. Corp. Sec. Litig.*,
  No. 07-cv-5295 (C.D. Cal.) ...............................................................................................14

*In re Goldman Sachs Grp., Inc. Sec. Litig.*,
  No. 10-cv-3461 (S.D.N.Y.)................................................................................................15

*Gross v. AT&T Inc.*,
  No. 19-cv-2892 (S.D.N.Y. June 24, 2019) .........................................................................13

*In re Mercury Interactive Corp. Sec. Litig.*,
  No. 05-cv-3395 (N.D. Cal.) ..........................................................................................14, 15

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N 730. ....................11, 12, 14

1      **NOTICE OF MOTION AND MOTION**

2  TO:    ALL PARTIES AND THEIR COUNSEL OF RECORD

3          PLEASE TAKE NOTICE that Lead Plaintiff movants Ronald L. Hershberger and Robert

4  J. Gereige, MD (together, "Hershberger & Gereige") through their counsel, hereby move this

5  Court, in Courtroom 3 – 3rd Floor of the Honorable Phyllis J. Hamilton, at the United States

6  District Court for the Northern District of California, located at the Oakland Courthouse, 1301

7  Clay Street, Oakland, California 94612, on July 22, 2020, at 9:00 a.m., or as soon thereafter as

8  the matter may be heard, for the entry of an Order:  (i) appointing Hershberger & Gereige as

9  Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15

10 U.S.C. § 77z-1(a)(3)(B), *et seq*; 15 U.S.C. § 78u-4(a)(3)(B), *et seq*.;[1] (ii) approving Hershberger

11 & Gereige's selection of Labaton Sucharow LLP ("Labaton Sucharow") and The Rosen Law

12 Firm, P.A. ("Rosen Law") as Co-Lead Counsel for the Class (the "Motion"); and (iii) granting

13 such other and further relief as the Court may deem just and proper.[2]

14          This Motion is made on the grounds that Hershberger & Gereige believe they are the

15 "most adequate plaintiff" under the PSLRA, and should therefore be appointed Lead Plaintiff.

16 Specifically, Hershberger & Gereige believe they have the "largest financial interest" in the relief

17 sought by the Class in this litigation by virtue of, among other things, the significant losses that

18 they suffered on their transactions in iQIYI, Inc. ("iQIYI" or the "Company") securities.

19 Hershberger & Gereige also otherwise satisfy the requirements of Rule 23 of the Federal Rules

20 of Civil Procedure ("Rule 23") because their claims are typical of other Class members' claims

21 and because they will fairly and adequately represent the Class.

22

23

24     1 Counsel for Hershberger & Gereige respectfully note that the provisions of the PSLRA
governing claims under the Securities Act of 1933 ("Securities Act"), and the Exchange Act of
25 1934 ("Exchange Act"), are identical.  *See* 15 U.S.C. § 77z-1, 15 U.S.C. § 78u-4.  Therefore, for
the purposes of this motion, only the relevant provisions of the Exchange Act will henceforth be
26 cited and shall be construed to apply to all analysis under both the Securities and Exchange Acts.
    2  Hershberger & Gereige are concurrently filing a substantively identical motion in the
27 related case captioned *Lee v. iQIYI, Inc*., No. 20-cv-01830 (E.D.N.Y.) (the "*Lee* Action"),
pending in the United States District Court for the Eastern District of New York.  Unlike the
28 present action, which includes claims under the Securities Act, the *Lee* Action only pleads
violations of the Exchange Act.

NOTICE OF MOTION AND MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
CASE NO. 4:20-cv-02882-PJH

1          This Motion is based upon this Notice of Motion, the accompanying Memorandum of

2    Points and Authorities in support thereof, the Declaration of Laurence M. Rosen, Esq. (the

3    "Rosen Decl.") filed herewith, the pleadings and other filings herein, and such other written or

4    oral argument as may be permitted by the Court.

5          WHEREFORE, Hershberger & Gereige respectfully request that the Court: (i) appoint

6    them as Lead Plaintiff; (ii) approve their selection of Labaton Sucharow and Rosen Law as Co-

7    Lead Counsel for the Class; (iii) grant such further relief as the Court may deem just and proper.

8                   **MEMORANDUM OF POINTS AND AUTHORITIES**

9    **I.    STATEMENT OF THE ISSUES TO BE DECIDED**

10         1.    Whether the Court should appoint Hershberger & Gereige as Lead Plaintiff

11   pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and

12         2.    Whether the Court should approve of Hershberger & Gereige's selection of

13   Labaton Sucharow and Rosen Law as Co-Lead Counsel for the Class, pursuant to 15 U.S.C. §

14   78u-4(a)(3)(B)(v).

15   **II.    PRELIMINARY STATEMENT**

16         Presently pending before this Court is the above-captioned securities class action (the

17   "Action") brought on behalf of a class consisting of all persons and entities other than

18   Defendants that purchased or otherwise acquired: (a) iQIYI American Depository Shares

19   ("ADSs") pursuant and/or traceable to the Company's initial public offering conducted on or

20   about March 29, 2018 (the "IPO" or "Offering"); and/or (b) iQIYI securities between March 29,

21   2018, and April 7, 2020, both dates inclusive (the "Class Period").  The Action charges the

22   Company and certain of its officers and directors (collectively, "Defendants") with violations of

23   the Exchange Act and the Securities Act.

24         Pursuant to the PSLRA, this Court is to appoint the "most adequate plaintiff" to serve as

25   lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court is required to determine

26   which "person or group of persons" has the "largest financial interest" in the relief sought in this

27   litigation, and also whether that movant has made a *prima facie* showing that it is a typical and

28   adequate class representative under Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

1          Hershberger & Gereige respectfully submit that they should be appointed Lead Plaintiff

2    because they have the "largest financial interest" in this litigation, collectively have standing to

3    pursue both the Exchange Act and Securities Act claims alleged, and have made the requisite

4    showing of typicality and adequacy required by the standards of the PSLRA.  As set forth in

5    detail below, Hershberger & Gereige collectively incurred **$1,894,657.19** in losses as a result of

6    their transactions in iQIYI securities during the Class Period and/or traceable to the IPO.[3]  In

7    light of this significant loss, Hershberger & Gereige have a substantial financial interest in the

8    relief sought by this litigation—an interest believed to be greater than that of any competing

9    movant.

10          In addition to asserting the largest financial interest in this litigation, Hershberger &

11    Gereige also meet the typicality and adequacy requirements of Rule 23 as required by the

12    PSLRA, because their claims are typical of those of absent Class members, and because they will

13    fairly and adequately represent the interests of the Class.  Hershberger & Gereige are a cohesive

14    pairing of sophisticated investors with a substantial financial stake in the litigation and have the

15    ability to direct the litigation separate and apart from their counsel.  Hershberger & Gereige have

16    also demonstrated their adequacy through their selection and retention of Labaton Sucharow and

17    Rosen Law as proposed Co-Lead Counsel on behalf of the Class.  Labaton Sucharow is a

18    nationally recognized securities class action litigation firm that has recovered billions of dollars

19    in damages for defrauded investors.  Similarly, Rosen Law has an extensive history of bringing

20    significant recoveries to investors and is experienced in the area of securities litigation and class

21    actions.

22          Accordingly, based on Hershberger & Gereige's significant financial interest and their

23    demonstrated commitment and ability to oversee this Action in a cohesive and coordinated

24    fashion, Hershberger & Gereige respectfully request that the Court appoint them Lead Plaintiff

25    and otherwise grant their Motion.

26

27          3  Copies of the PSLRA-required Certifications are attached as Exhibit A to the accompanying Rosen Decl., which sets forth all transactions of Hershberger & Gereige in iQIYI securities during the Class Period and/or pursuant to or traceable to the Company's IPO.  In

28    addition, a chart reflecting the calculation of Hershberger & Gereige's losses as a result of their transactions in iQIYI securities is attached as Exhibit B to the Rosen Decl.

1    **III.    OVERVIEW OF THE PENDING ACTION**

2           iQIYI is a subsidiary of Baidu Holdings Limited. The Company was incorporated in 2009

3    and is based in Beijing, the People's Republic of China ("China).  The Company was formerly

4    known as Qiyi.com, Inc. and changed its name to iQIYI, Inc. in November 2017.  Following the

5    IPO, iQIYI's shares began publicly trading on the Nasdaq Global Market ("NASDAQ") under

6    the ticker symbol "IQ."

7           iQIYI, together with its subsidiaries, provides online entertainment services under the

8    iQIYI brand in China.  iQIYI's digital platform provides a collection of Internet video content,

9    including professionally produced content licensed from content providers and self-produced

10   content.  The Company also provides membership, content distribution, online advertising, live

11   broadcasting, online gaming and literature, e-commerce, and talent agency services.

12          On February 27, 2018, iQIYI filed a registration statement on Form F-1 with the SEC in

13   connection with the IPO (Registration No. 333-223263), which, after several amendments, was

14   declared effective by the SEC on March 28, 2018 (the "Registration Statement").  On March 29,

15   2018, iQIYI filed a prospectus on Form 424B4 with the SEC in connection with the IPO, which

16   incorporated and formed part of the Registration Statement (collectively, the "Offering

17   Documents").  That same day, iQIYI conducted the IPO pursuant to the Offering Documents and

18   issued 125,000,000 ADSs to the public at the Offering price of $18.00 per share.  iQIYI reaped

19   approximately $2,182,500,000 in proceeds upon the IPO's completion, after underwriting

20   discounts and commission.

21          The Offering Documents were negligently prepared and, as a result, contained untrue

22   statements of material fact or omitted to state other facts necessary to make the statements made

23   not misleading and were not prepared in accordance with the rules and regulations governing

24   their preparation.  Additionally, throughout the Class Period, Defendants made materially false

25   and misleading statements regarding the Company's business, operational and compliance

26   policies.  Specifically, the Offering Documents and Defendants made false and/or misleading

27   statements and/or failed to disclose that: (i) iQIYI inflated its number of users, total revenue,

28   deferred revenue, barter transaction revenue, and barter sublicensing revenue; (ii) iQIYI masked

---

1  these inflated metrics by inflating its expenses, the prices it pays for content, other assets, and

2  acquisitions; (iii) iQIYI accomplished all the foregoing, in part, by improperly accounting for the

3  number of users, revenues, and expenses attributable to its business partners; and (iv) as a result,

4  the Offering Documents and the Company's public statements were materially false and/or

5  misleading and failed to state information required to be stated therein.

6      On April 7, 2020, Wolfpack Research ("Wolfpack"), a global financial research and due

7  diligence firm, published a report alleging that iQIYI "was committing fraud well before its IPO

8  in 2018 and has continued to do so ever since."  For example, Wolfpack estimated that iQIYI

9  inflated its 2019 revenue by approximately RMB18 billion to RMB13 billion, or 27% to 44%, by

10  overstating its number of users by approximately 42% to 60%. Wolfpack also alleged that the

11  Company then "inflates its expenses, the prices it pays for content, other assets, and acquisitions

12  in order to burn off fake cash to hide the fraud from its auditor and investors."

13      Following publication of the Wolfpack Report, iQIYI's ADS price fell $0.79 per share, or

14  4.57%, to close at $16.51 per share on April 8, 2020.  Further, at the time the Action was filed,

15  iQIYI ADSs continue to trade below the IPO price of $18.00 per share.

16      As a result of Defendants' allegedly wrongful acts and omissions, and the precipitous

17  decline in the market value of iQIYI's securities, Hershberger & Gereige, as did all members of

18  the Class, have suffered significant losses and damages.

19                                    **ARGUMENT**

20  **I.      Hershberger & Gereige Should Be Appointed Lead Plaintiff**

21      Hershberger & Gereige respectfully submit that they are the presumptively "most

22  adequate plaintiff" because they have complied with the PSLRA procedural requirements, hold

23  the largest financial interest of any qualified movant, and otherwise satisfy Rule 23's typicality

24  and adequacy requirements.

25      **A.      The PSLRA Standard For Appointing Lead Plaintiff**

26      The PSLRA provides a straightforward, sequential procedure for selecting lead plaintiff

27  for "each private action arising under [the Exchange Act] that is brought as a plaintiff class

28  action pursuant to the Federal Rules of Civil Procedure."  *See* 15 U.S.C. § 78u-4(a)(l); *see also*

1   15 U.S.C. § 78u-4(a)(3)(B).  First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by

2   the PSLRA, specifies that:

3           Not later than 20 days after the date on which the complaint is
        filed, the plaintiff or plaintiffs shall cause to be published, in a

4           widely circulated national business-oriented publication or wire
        service, a notice advising members of the purported plaintiff

5           class --

6           (I)     of the pendency of the action, the claims asserted therein,
        and the purported class period; and

7

8           (II)    that, not later than 60 days after the date on which the
        notice is published, any member of the purported class may move
        the court to serve as lead plaintiff of the purported class.

9

10  15 U.S.C. § 78u-4(a)(3)(A)(i).

11       Next, under the PSLRA, a court is to consider any motion made by class members and

12  appoint the movant that the court determines to be most capable of adequately representing the

13  interests of the class as lead plaintiff.  Specifically, the PSLRA provides that a court:

14          shall appoint as lead plaintiff the member or members of the
        purported plaintiff class that the court determines to be most

15          capable of adequately representing the interests of class members
        (. . . the "most adequate plaintiff") . . . .

16

17  15 U.S.C. § 78u-4(a)(3)(B)(i).

18       In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most

19  adequate plaintiff" is the person who: (1) filed a complaint or made a motion to serve as lead

20  plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) who

21  otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also*

22  *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) (discussing three-step competitive

23  process for selecting a lead plaintiff).  This presumption "'may be rebutted only upon proof . . .

24  that the presumptively most adequate plaintiff [] will not fairly and adequately protect the

25  interests of the class'" or "is subject to unique defenses that render such plaintiff incapable of

26  adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re:*

27  *Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, MDL No. 2672 CRB

28  (JSC), 2016 WL 5930844, at *2 (N.D. Cal. Oct. 11, 2016).

1       As set forth below, Hershberger & Gereige believe they are the "most adequate

2   plaintiff" and are entitled to be appointed as Lead Plaintiff.

3       **B.      Hershberger & Gereige Are the "Most Adequate Plaintiff"**

4           **1.      Hershberger & Gereige Satisfied the PSLRA's Procedural
                      Requirements**

5
6       On April 16, 2020, plaintiff in the first-filed *Lee* Action caused notice regarding the lead

    plaintiff process to be published on *Business Wire*, a widely circulated, national, business-
7
    oriented news reporting service.  *See* Rosen Decl., Ex. C, Notice.  Thus, as permitted by the
8
    PSLRA, any person or group of persons may apply to be appointed Lead Plaintiff within sixty
9
    (60) days after publication of the notice, *i.e.*, on or before June 15, 2020.  Hershberger & Gereige
10
    filed their Motion within the required period.
11
            **2.      Hershberger & Gereige Have the Largest Financial Interest in the
12                    Outcome of the Action**

13      The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate

14  plaintiff" for lead plaintiff purposes is the movant with "the largest financial interest in the relief

15  sought by the class," so long as the movant "otherwise satisfies the requirements of Rule 23."

16  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

17      During the Class Period, Hershberger & Gereige collectively suffered substantial losses

18  of ***$1,894,657.19*** as a result of their transactions in iQIYI securities.  *See* Rosen Decl., Ex. B,

19  Loss Analysis.  Hershberger & Gereige are presently unaware of any other movant with a larger

20  financial interest in the outcome of the Action.  Consequently, and because they also satisfy Rule

21  23's typicality and adequacy requirements, Hershberger & Gereige are entitled to the legal

22  presumption that they are the most adequate plaintiff.

23          **3.      Hershberger & Gereige Otherwise Satisfy Rule 23's Typicality and
                      Adequacy Requirements**
24
25      In addition to possessing the largest financial interest in the outcome of the litigation,

    Hershberger & Gereige satisfy the applicable requirements of Rule 23.  *See* 15 U.S.C. § 78u-
26
    4(a)(3)(B)(iii)(I)(cc).  On a motion to serve as Lead Plaintiff, the moving plaintiff must make
27
    only a "preliminary showing that it satisfies the typicality and adequacy requirements of [Rule]
28

1    23."  *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640-LHK, 2011 WL 6153154, at *3

2    (N.D. Cal. Dec. 12, 2011) (citation omitted); *see also City of Royal Oak Ret. Sys. v. Juniper*

3    *Networks, Inc.*, No. 5:11-CV-04003-LHK, 2012 WL 78780, at *4 (N.D. Cal. Jan. 9, 2012)

4    ("Th[e] showing [at the lead plaintiff stage] need not be as thorough as would be required on a

5    motion for class certification.").  Here, Hershberger & Gereige unquestionably satisfy both

6    requirements.

7              (a)      **Hershberger & Gereige's Claims Are Typical of Those of the**
                       **Class**
8
             Hershberger & Gereige's claims are typical of the claims of other purchasers of IQIYI
9
     securities.  "In determining whether typicality is satisfied, a Court inquires 'whether other
10
     members have the same or similar injury, whether the action is based on conduct which is not
11
     unique to the named plaintiffs, and whether other class members have been injured by the same
12
     course of conduct.'" *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech.,*
13
     *Inc.*, No. 12-CV-06039-LHK, 2013 WL 2368059, at *4 (N.D. Cal. May 29, 2013) (citation
14
     omitted).  Here, the claims of Hershberger & Gereige and all other Class members arise from the
15
     same course of events, and their legal arguments to prove Defendants' liability are identical.
16
     Like all other Class members, Hershberger & Gereige (i) purchased iQIYI securities during the
17
     Class Period and/or pursuant to or traceable to the IPO, (ii) at prices artificially inflated by
18
     Defendants' materially false and misleading statements and omissions, and (iii) were damaged
19
     when the truth was revealed.  *See id*.  (finding typicality requirement met when proposed lead
20
     plaintiff "purchased [the defendant's] common stock during the class period, allegedly in
21
     reliance upon [the d]efendants' purported false and misleading statements" and incurred harm as
22
     a result).  Thus, Hershberger & Gereige satisfy the typicality requirement.
23
              (b)      **Hershberger & Gereige Will Fairly and Adequately Protect the**
24                     **Interests of the Class**

25           Hershberger & Gereige similarly satisfy the adequacy requirement of Rule 23.  Under
26
     Rule 23(a)(4), a representative party must "fairly and adequately protect the interests of the
27
     Class."  Fed. R. Civ. P. 23(a)(4).  "The test for adequacy is whether the class representative and
28

---

1   [its] counsel 'have any conflicts of interest with other class members' and whether the class

2   representative and [its] counsel will 'prosecute the action vigorously on behalf of the class.'"

3   *Juniper Networks*, 2012 WL 78780, at *5 (citation omitted).  No antagonism exists between

4   Hershberger & Gereige's interests and those of the absent Class members; rather, the interests of

5   Hershberger & Gereige, and Class members are squarely aligned.  Indeed, there are no facts to

6   suggest any actual or potential conflict of interest or other antagonism between Hershberger &

7   Gereige, and other Class members.  Moreover, because of their substantial financial stake in the

8   litigation and standing to pursue all claims alleged, Class members can be assured that

9   Hershberger & Gereige have the incentive to vigorously represent the Class' interests.

10          In addition, Hershberger & Gereige have retained counsel highly experienced in

11  prosecuting securities class actions vigorously and efficiently, *see infra* Section II, and timely

12  submitted their choice to the Court for approval, in accordance with the PSLRA.  *See* 15 U.S.C.

13  § 78u-4(a)(3)(A)(i)(II) and 15 U.S.C. § 78u-4(a)(3)(B)(v).  Accordingly, Hershberger & Gereige

14  satisfy the adequacy requirement.

15                      **4.      Hershberger & Gereige Represent Precisely the Type of Small,**
                                  **Cohesive Group Permitted Under the PSLRA**
16
            Hershberger & Gereige have demonstrated their commitment to working cohesively in
17
    the joint prosecution of the Action.  *See* Joint Declaration, Rosen Decl. Ex. D.  On this point, the
18
    PSLRA expressly provides for multiple investors to serve as lead plaintiff in federal securities
19
    class actions under the proper circumstances.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii) (providing that
20
    the court shall appoint a "person or group of persons" to serve as Lead Plaintiff).  Indeed,
21
    District courts within the Ninth Circuit have repeatedly recognized the propriety of appointing
22
    small groups of investors that are "fully capable of representing the class's interests effectively."
23
    *In re Aqua Metals Sec. Litig.*, No. 17-cv-07142-HSG, 2018 WL 4860188, at *4 (N.D. Cal. May
24
    23, 2018); *see also In re Versata, Inc. Sec. Litig.*, No. C 01-1439 SI, 2001 WL 34012374, at *6-7
25
    (N.D. Cal. Aug. 20, 2001) (appointing a group of sophisticated investors as lead plaintiff because
26
    they "possess[ed] both sophistication and business knowledge, as well as substantial individual
27
    losses which adds meaningful incentive for a vigorous prosecution of the action"); *Juniper*
28

1    *Networks*, 2012 WL 78780, at \*4 (appointing as lead plaintiff a group of two sophisticated

2    investors).

3         The Joint Declaration submitted by Hershberger & Gereige establishes them as

4    sophisticated investors possessing interests squarely aligned with those of the Class.  *See* Joint

5    Declaration ¶¶ 2-3.  Additionally, the Joint Declaration provides that Hershberger & Gereige

6    understand and adopt the fiduciary responsibilities of the PSLRA lead plaintiff, and in that

7    regard are determined to control the litigation independent of counsel.  *See* Joint Declaration ¶¶

8    1, 4, 7.  To this end, Hershberger & Gereige have already participated in a joint conference call

9    on June 13, 2020, to discuss this motion and the pending claims against Defendants, and if

10    appointed, will continue to regularly communicate with or without counsel, confer with counsel

11    regarding litigation strategy and other matters.  *Id.* ¶ 6.  Finally, Hershberger & Gereige have

12    attested that if appointed, they are prepared to actively participate in all stages of the litigation,

13    including attending court proceedings.  *See id.* ¶ 8.  Accordingly, the Joint Declaration

14    establishes Hershberger & Gereige as an appropriate lead plaintiff group.  *See, e.g.*, *In re*

15    *Versata*, 2001 WL 34012374, at \*6-7 (finding a group composed of sophisticated investors that

16    submitted declarations "providing background information and articulating why [each] member

17    is seeking lead plaintiff status as part of the asserted group" to be "sufficiently cohesive and

18    structured to maximize its individual strengths and sophisticated business knowledge" and to

19    have "exhibited a cooperative spirit").

20         Therefore, if appointed, there can be no question that Hershberger & Gereige will

21    endeavor to actively steer this litigation in order to efficiently and effectively maximize recovery

22    for the Class.

23    **II.**      **Hershberger & Gereige's Choice of Co-Lead Counsel Is Well-Qualified to Represent the Class**

24

25         The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the

   class, subject to the court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  As such, this Court

26    should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests

27    of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Cohen v. U.S. District Court*, 586

28

1    F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel,

2    the district court should generally defer to that choice.") (citing *Cendant*, 264 F.3d at 276);

3    *Cavanaugh*, 306 F.3d at 733.  Courts should not disturb the lead plaintiff's choice of counsel

4    unless necessary to "protect the interests of the plaintiff class."  H.R. Conf. Rep. No. 104-369, at

5    35 (1995), *reprinted in* 1995 U.S.C.C.A.N. at 734; *see also Cavanaugh*, 306 F.3d at 734

6    ("Selecting a lawyer in whom a litigant has confidence is an important client prerogative and we

7    will not lightly infer that Congress meant to take away this prerogative from securities

8    plaintiffs.").

9           Here, Hershberger & Gereige have selected Labaton Sucharow and Rosen Law to serve

10   as Co-Lead Counsel for the Class.  Labaton Sucharow has excelled as lead counsel in numerous

11   landmark securities class actions on behalf of defrauded investors, including cases within this

12   Circuit.  For example, Labaton Sucharow served as lead counsel in *In re American International*

13   *Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it achieved a recovery

14   totaling more than $1 billion for injured investors, and secured a $294.9 million recovery in *In re*

15

16   *Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-1963 (S.D.N.Y.),

17   in which the Firm served as co-lead counsel.  Labaton Sucharow also served as co-lead counsel

18   in *In re Satyam Computer Services Ltd. Securities Litigation*, No. 09-md-2027 (S.D.N.Y.),

19   through which it helped recover from the company and its auditors a total of $150.5 million for

20   class members.  Labaton Sucharow presently serves as lead counsel in several significant

21   investor class actions.  *See* Labaton Sucharow Firm Resume, Rosen Decl., Ex. E.

22

23          Likewise, Rosen Law has an extensive history of bringing significant recoveries to

24   investors and is experienced in the area of securities litigation and class actions, having been

25   appointed as lead counsel in securities class actions in this District and in other courts throughout

26   the nation.  The firm has prosecuted numerous securities fraud class actions and other complex

27   litigation and obtained substantial recoveries on behalf of investors.  *See* Rosen Law Firm

28   Resume, Rosen Decl., Ex. F.

1    Thus, the Court may be assured that, by granting Hershberger & Gereige's motion, the

2    Class will receive the highest caliber of legal representation.

3                                              **CONCLUSION**

4    For the foregoing reasons, Hershberger & Gereige respectfully request that the Court: (i)

5    appoint them as Lead Plaintiff; (ii) approve their selection of Labaton Sucharow and Rosen Law

6    as Co-Lead Counsel for the Class; and (iii) grant such further relief as the Court may deem just

7    and proper.

8    DATED:  June 15, 2020                      Respectfully submitted,

9                                               */s/ Laurence M. Rosen, Esq.*

10                                              **THE ROSEN LAW FIRM, P.A.**
                                                Laurence M. Rosen, Esq. (SBN 219683)
11                                              355 South Grand Avenue, Suite 2450
                                                Los Angeles, California 90071
12                                              Telephone: (213) 785-2610
                                                Facsimile: (213) 226-4684
13                                              Email: lrosen@rosenlegal.com

14                                              **LABATON SUCHAROW LLP**
                                                Christopher J. Keller (*pro hac vice* forthcoming)
15                                              Eric J. Belfi (*pro hac vice* forthcoming)
                                                Francis P. McConville (*pro hac vice* forthcoming)
16                                              David J. Schwartz (*pro hac vice* forthcoming)
17                                              140 Broadway
                                                New York, New York 10005
18                                              Telephone: (212) 907-0700
                                                Facsimile: (212) 818-0477
19                                              ckeller@labaton.com
                                                ebelfi@labaton.com
20                                              fmcconville@labaton.com
                                                dschwartz@labaton.com
21

22                                              *Attorneys for Proposed Lead Plaintiff Ronald L.*
                                                *Hershberger and Robert J. Gereige, MD and*
23                                              *Proposed Co-Lead Counsel for the Class*

24

25

26

27

28

---

1

**CERTIFICATE OF SERVICE**

2
      I HEREBY CERTIFY that on June 15, 2020, I authorized the electronic filing of the

3
foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of

4
Electronic Filing to all counsel of record.

5

6
/s/ <u><em>Laurence M. Rosen, Esq.</em></u><br>Laurence M. Rosen, Esq.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28